Filed 12/3/21  P. v. Blair CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MARCUS QUINN BLAIR, JR.,<br><br>      Defendant and Appellant. | A161903<br><br>(Solano County<br>Super. Ct. No. FCR201802) |

Marcus Quinn Blair, Jr. appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95.[1]  Section 1170.95 provides for resentencing of individuals convicted of murder under a felony murder or natural and probable consequences theory if they could no longer be convicted of murder under January 1, 2019 amendments to the Penal Code.  Blair contends that the court was required to accept his allegations as true, and the court relied on improper fact-finding in denying his petition.  We conclude that the court correctly determined Blair was ineligible for resentencing, and we therefore affirm.

---

[1] All undesignated statutory references are to the Penal Code.

1

# BACKGROUND

## A.

To be convicted of murder, a jury must ordinarily find that the defendant acted with the requisite mental state, known as " 'malice aforethought.' " (*People v. Chun* (2009) 45 Cal.4th 1172, 1181 (*Chun*), quoting section 187, subdivision (a).) Until recently, the felony murder rule provided an exception that made "a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state." (*Chun, supra,* 45 Cal.4th at p. 1182.) Under a separate rule known as the natural and probable consequences doctrine, a " ' "person who knowingly aids and abets [the] criminal conduct [of another person] is guilty of not only the intended crime . . . but also of any other crime the [other person] actually commits . . . that is a natural and probable consequence of the intended crime." ' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161.)

Senate Bill No. 1437 ((2017-2018 Reg. Sess.), Stats. 2018, ch. 1015), which became effective January 1, 2019, raised the level of culpability required for murder liability to be imposed under these theories. (See Stats. 2018, ch. 1015, § 1.) Senate Bill No. 1437 amended the definition of malice in section 188 to provide that, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) The bill also amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory to a person who: (1) was the actual killer; (2) though not the actual killer, acted "with the intent to kill" and "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer" in the commission of first degree murder; or (3) was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Finally, Senate Bill No. 1437 added section 1170.95, which provides that "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4.) The individual may file a petition if three conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a); see *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).) Under section 1170.95, subdivision (b), the petition must include a declaration that the petitioner is eligible for relief based on the requirements set forth in subdivision (a), the superior court case number and year of the conviction, and a statement indicating whether the petitioner requests the appointment of counsel. (§ 1170.95, subd. (b)(1).)

If the petitioner has complied with these requirements, the court appoints counsel (if requested), receives briefing from the parties, and determines whether the petitioner has made a "prima facie showing" for relief (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 960, 966). If so, the court must issue an order to show cause and hold an evidentiary hearing at which the burden is on the prosecution to prove that the petitioner is ineligible for relief. (*Lewis*, *supra*, 11 Cal.5th at p. 960.)

## B.

A jury convicted Blair of second degree murder (§§ 187, subd. (a), 189, subd. (b)) and, as relevant here, found true an

3

allegation that he personally and intentionally discharged a firearm, causing the victim's death (§ 12022.53, subd. (d)). (See *People v. Blair* (Dec. 23, 2004, A104765) [nonpub. opn.] (*Blair*).)

Blair's section 1170.95 petition alleged that the information filed against him allowed the prosecution to proceed under a felony murder theory; that he was convicted of murder pursuant to the felony murder rule; and that he could not now be convicted of murder based on the January 1, 2019 amendments to sections 188 and 189. In addition, he alleged that he was not a major participant in the felony or he did not act with reckless indifference to human life during the course of the crime or felony.

The court appointed counsel, who filed a reply brief providing the following factual summary:

> On August 26, 2002, Leroy McCain was shot at and killed nearby his apartment building. Appellant testified that he went to McCain's apartment that day and got into a fight with him. As he was leaving, he felt a bottle, someone hit him with, on his head. Appellant feared for his life, he fled to his car, retrieved a rifle, and walked back toward McCain. Appellant thought McCain was going to attack him, so he started firing as McCain ran away and until McCain was out of sight. Then, Appellant left.

Blair's brief also incorporated more detailed statements of facts from his opening brief and the respondent's brief in his direct appeal. According to those summaries, McCain died from a single gunshot.

At the hearing on Blair's petition, his counsel acknowledged that Blair "was the actual shooter." The trial court concluded that Blair had failed to make out a prima facie case of eligibility for relief because "[t]he evidence at trial appears to

4

establish that defendant was the sole participant in the underlying event and that he discharged a firearm, causing death."

## DISCUSSION

Blair contends that the trial court erred in determining that he had failed to establish a prima facie case. On our independent review (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 933), we disagree.

Blair argues that he met his prima facie burden based on the allegations in his petition, that the court was required to accept his allegations as true, and that the court improperly engaged in factfinding in denying his petition. He is correct that, at that stage, the trial court may not "engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) However, as our Supreme Court recently held in *Lewis*, the court may consider the record of conviction, including an appellate decision in a direct appeal from the conviction, at the prima facie stage. (*Id.* at pp. 970-972.) Thus, "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Id.* at p. 971; see also *People v. Davenport* (2021) __ Cal.App.5th __, __ (2021 Cal.App.LEXIS 945 at [*5]-[*6]) [trial court may consider "'readily ascertainable facts'" from the record of conviction].)

Here, the trial court correctly concluded that Blair failed to establish a prima facie case of eligibility for resentencing. Based on the undisputed facts, under current law, he would still be liable for murder because he was the actual killer. (§ 189, subd. (e)(1).) There is no dispute that in convicting him of second-degree murder, the jury found that Blair had caused the victim's death by personally and intentionally discharging a firearm. (See *Blair, supra,* A104765).) According to the facts he presented in his trial court briefing, Blair fired at the victim with a rifle and

5

the victim died of a single gunshot. Blair conceded he "was the actual shooter." He has not suggested that any other perpetrator was involved in the killing or otherwise disputed that he was the actual killer. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899 [petitioner was "the actual killer" where jury found the defendant personally used a deadly weapon and "the murder involved a single perpetrator" and "was not a situation in which multiple persons carried out the attack"], abrogated on another ground by *Lewis, supra,* 11 Cal.5th at pp. 963-965). Thus, Blair's own version of the facts established that he was the actual killer, and we reject his contention that the court engaged in improper fact-finding.[2]

Blair further argues that "[t]here were no facts in the trial court record that, as a matter of law, refuted [his] assertion that he had been convicted of . . . murder on a theory of felony murder" (italics omitted). Blair also contends that the fact that the jury found that he personally and intentionally discharged a firearm does not establish that he acted with actual malice. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 598.) Neither of these points negates the conclusion that Blair could be found liable for murder under current law because he was the actual killer. (See § 189, subd. (e)(1).)

## DISPOSITION

The trial court's order denying the petition is affirmed.

---

[2] Blair now contends that it was improper for the trial court to rely on the statements of facts attached as exhibits to his trial court reply brief because the statements were hearsay. However, he waived this objection by attaching and incorporating those statements into his briefing in support of his petition. (Cf. *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 725-726 [appellant forfeited hearsay objection by failing to raise it in trial court].)

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

NEEDHAM, J.

A161903